# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eira Follman,<br><br>                              Plaintiff,<br><br>         -v.-<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.;<br>TransUnion, LLC;<br>Ally Financial, Inc.;<br>American Honda Finance;<br>BMW Financial Services;<br>Kia America, Inc. d/b/a Kia Finance America a/k/a Kia Motors Finance;<br>Mercedes-Benz Financial Services USA LLC; and<br>Volvo Car Financial Services U.S., LLC;<br><br>                              Defendants. | Case No.: 7:22-cv-9999<br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Eira Follman brings this Complaint by and through counsel, against Defendants Equifax Information Services ("Equifax"); Experian Information Solutions, Inc. ("Experian"); TransUnion, LLC ("TransUnion"); (Equifax, Experian, and TransUnion, each a "Bureau" and collectively "Bureaus"); and Ally Financial, Inc. ("Ally"); American Honda Finance ("Honda"); BMW Financial Services ("BMW"); Kia America, Inc. d/b/a Kia Finance America a/k/a Kia Motors Finance (Kia"); and Mercedes-Benz Financial Services USA LLC ("Mercedes"); and Volvo Car Financial Services U.S., LLC ("Volvo"); ("Ally", "Honda", "BMW", "Kia", "Mercedes", and "Volvo", each a "Furnisher" and collectively "Furnishers"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.      As described more fully below, Defendants improperly reported accounts on Plaintiff's credit report that were the result of fraud and identity theft.

2.      Plaintiff disputed the account providing the necessary documentation.

3.      Defendants failed to block and failed to remove the account; Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

6.      Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

9.      Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

10.     Equifax is a Georgia corporation registered to do business in this State.

11.     Equifax may be served with process upon its registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

12.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

14.     Equifax, Inc, the parent company of Equifax, is traded on the New York Stock Exchange under the symbol EFX.

15.     Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16.     Experian is an Ohio corporation registered to do business in this State.

17.     Experian may be served with process upon its registered agent at c/o CT Corporation System, 28 Liberty St., New York, NY 10005.

18.     Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

19.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

20.     Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

21.     Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

22.     Defendant TransUnion is a Delaware corporation registered to do business in this State.

23.     TransUnion may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207-2543.

24.     At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

25.     At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

26.     Trans Union, the parent company of Defendant TransUnion, is traded on the New York Stock Exchange under the symbol TRU.

27.     Defendant Ally is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

28.     Ally has an address for service at c/o C T Corporation System, 28 Liberty St, New York, NY 10005.

29.     Defendant Honda is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

30.     Honda has an address for service at c/o Corporation Service Company, 80 State St., Albany, NY 12207.

31.     Defendant BMW is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

32.     BMW has an address for service at c/o C T Corporation System, 28 Liberty Street, New York, NY 10005.

33.     Defendant Kia is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

34.     Kia has an address for service at c/o C T Corporation System, 28 Liberty Street, New York, NY 10005.

35.     Defendant Mercedes is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

36.     Mercedes has an address for service at c/o CT Corporation System, 28 Liberty Street, New York, NY 10005.

37.     Defendant Volvo is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

38.     Volvo has an address for service at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

## **FACTUAL ALLEGATIONS**

39.     Plaintiff incorporates the above allegations as if set forth here.

40.     Plaintiff is a victim of fraud and identity theft.

41.     An individual stole Plaintiff's personal information.

42.     Plaintiff's personal information was used to make multiple purchases and obtain credit to finance multiple vehicles in Plaintiff's name.

43.     The New York State Department of Motor Vehicles determined, in a "very extensive" investigation that the thief "titled and registered multiple vehicles in [Plaintiff's] name without [Plaintiff's] knowledge or permission", and that multiple vehicles "were registered illegally".

44.     In or before May 2022, Plaintiff noticed multiple accounts on his credit report.

45.     The Ally account number begins with 227973… ("Ally Account")

46.     The Honda account number begins with 444214… ("Honda Account").

47.     The BMW account number begins with 400358… ("BMW Account").

48.     Each of the two Kia account numbers begin with 201462… ("Kia Account").

49.     The Mercedes account number begins with 500163… ("Mercedes Account").

50.     The Volvo account number begins with 3303203… ("Volvo Account") (the Ally, Honda, BMW, Kia, Mercedes, and Volvo accounts each an "Account" and collectively "Accounts").

51.     Plaintiff realized that each of the Accounts were also appearing on some of his credit reports from each Bureau.

52.     The BMW Account was appearing on Plaintiff's Equifax and TransUnion credit reports.

53.     The Honda Account was appearing on Plaintiff's Equifax and Experian credit reports.

54.     The Ally Account was appearing on Plaintiff's TransUnion credit reports.

55.     The Volvo Account was appearing on Plaintiff's Experian and TransUnion credit reports.

56.     The Kia Accounts were appearing on Plaintiff's Experian credit reports.

57.     The Accounts were appearing on each Bureau's credit report as charged-off.

58.     The Accounts were overdue.

59.     Yet, the balance on the Account was not from Plaintiff.

60.     It was fraudulently obtained without his approval.

61.     Plaintiff did not authorize anyone to make these charges.

62.     Plaintiff did not enter into transactions with the furnishers, or anyone, for those charges.

63.     Plaintiff is a victim of fraud and identity theft.

64.     Plaintiff reported this crime to law enforcement.

65.     On or about May 29, 2022 Plaintiff also filed an FTC Identity Theft Report ("FTC Report").

66.     The Report number is 148207167.

67.     Plaintiff confirmed that he is a victim of the crime of identity theft.

68.     In the FTC Report, Plaintiff described the fraud against him.

69.     Plaintiff stated that the Account charges were not his.

70.     Plaintiff confirmed his understanding that knowingly making false statements to the government may result in a fine, imprisonment, or both.

71.     The FTC Report states, "Use this form to prove to business and credit bureaus that you submitted an FTC Identity Theft Report to law enforcement."

72.     An FTC Report is acceptable proof of identity theft to block items in a consumer's credit report as disputed for being fraudulent.

73.     Upon receipt of notice of identity theft, each Bureau is required to block the disputed information pursuant to 15 U.S.C. § 1681c-2.

74.     Plaintiff also filed a lawsuit against the identity thieves in New York State Supreme Court.

75.     The New York Court determined that Plaintiff was entitled to a temporary restraining order and a preliminary injunction against the identity thieves.

76.     A preliminary injunction is only issued when a Plaintiff has a high likelihood of ultimate success on the merits.

77.     The New York Court issued a decision determining that the identity thieves violated the Court's TRO and injunction subjecting themselves to civil and criminal penalties.

<u>Violations</u>

78.     In a letter dated May 26, 2022 but sent on or about May 29, 2022, Plaintiff disputed each Account ("First Dispute").

79.     Plaintiff sent his First Dispute to each Bureau.

80.     In his First Dispute, Plaintiff included a description of the identity theft, FTC Report, his social security information, his government-issued driver's license, and the decision from the New York State Supreme Court describing the identify theft and fraud.

81.     Despite the First Dispute, and subsequent to it, one or more of the Accounts and fraudulent balances remained on Plaintiff's credit report from each Bureau.

82.     In response to the First Dispute, each Bureau did not remove any of the Accounts.

83.     On or about June 31, 2022, Plaintiff again disputed each Account ("Second Dispute").

84.     Plaintiff sent his Second Dispute to each Bureau.

85.     In his Second Dispute, Plaintiff again included a description of the identity theft, FTC Report, his social security information, his government-issued driver's license, and the decision from the New York State Supreme Court describing the identify theft and fraud.

86.     Despite the Second Dispute, and subsequent to it, the Accounts and fraudulent balances remained on Plaintiff's credit report from each Bureau.

87.     In response to the Second Dispute, each Bureau did not remove any of the Accounts.

88.     On or about July 25, 2022, Plaintiff again disputed each Account ("Third Dispute").

89.     Plaintiff sent his Third Dispute to Equifax and Experian.

90.     In his Third Dispute, Plaintiff stated that he previously sent the correct documents supporting his claim and again included the FTC Report, his social security information, his government-issued driver's license, and the decision relating to the ID theft criminal case.

91.     Despite the Third Dispute, and subsequent to it, the Accounts and fraudulent balances remained on Plaintiff's credit report from Equifax and Experian.

92.     In response to the Third Dispute, Equifax and Experian did not remove any of the Accounts.

93.     On or about July 26, 2022, Plaintiff yet again disputed each Account ("Fourth Dispute") (the First Dispute, Second Dispute, Third Dispute, and Fourth Dispute, each a "Dispute" and collectively, "Disputes").

94.     Plaintiff sent his Fourth Dispute to Experian.

95.     In his Fourth Dispute, Plaintiff again included a description of the identity theft, FTC Report, his social security information, his government-issued driver's license, and the decision relating to the ID theft criminal case.

96.     Despite the Fourth Dispute, and subsequent to it, the Accounts and fraudulent balances remained on Plaintiff's credit report from Experian.

97.     In response to the Fourth Dispute, Experian did not remove any of the Accounts.

98.     The information described above, furnished by each Furnisher and published by each Bureau, is inaccurate.

99.     Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

100.    On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the respective Accounts.

101.    On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the respective Accounts' alleged delinquency.

102.    The information furnished by each Furnisher and published by each Bureau is and was inaccurate.

103.    Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

104.    Plaintiff's credit reports were showing inaccurate information about the Accounts.

105.    Each Bureau is required to notify each Furnisher of Plaintiff's respective dispute(s).

106.    On or about the dates identified above, it appears and is therefore averred that each Bureau notified each Furnisher of Plaintiff's respective dispute(s).

107.    Upon receipt of the dispute(s) of the account by the Plaintiff from each Bureau, each Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to their respective disputed Accounts.

108.    Had each Furnisher done a reasonable investigation it would have been revealed to it that its Account information is inaccurate.

109.    A reasonable investigation by each Defendant would have revealed that each respective Account is being incorrectly reported.

110.    Each Bureau's credit report suffers from different infirmities than the others.

111.    This further demonstrates Defendants' culpability.

112.    Defendants were in receipt of the evidence showing that the reported information was inaccurate.

113.    Despite the Dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Accounts, each Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

114.    Each Defendant did not even call Plaintiff to discuss his claims.

115.    Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving each of Plaintiff's Disputes.

116.    Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to each respective Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from each Furnisher.

117.    Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

118.    Each Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

119.    Furnishers' actions described herein violated 15 U.S.C. 1681s-2 (b).

120.    Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

121.    Defendants knew the information was inaccurate.

122.    Each Defendant was in possession of the documentation of the inaccuracies and fraud of the Account yet persisted in reporting it anyway.

123.    Upon information and belief, each Bureau did not even request documentation from the respective Furnisher during its investigations of Plaintiff's Disputes.

124.    Upon information and belief, each Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Disputes.

125.    Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report

126.    Each Furnisher continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced tradeline(s) continue to be inaccurate and materially misleading.

<u>Damages</u>

127.    Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

128.    As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

129.    Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on each Account when he is not.

130.     It also falsely appears as if Plaintiff owes money on each Account.

131.     It also falsely appears as if Plaintiff is delinquent on each Account.

132.     This false information was published to numerous third-parties.

133.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

134.     As described above, Plaintiff suffered damage by loss of time and money, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

135.     Plaintiff's credit line was also limited due to Defendants' improper actions.

136.     Furthermore, Plaintiff was attempting to secure a mortgage.

137.     Plaintiff lives in a small apartment that is inadequate for him, his wife, and his children.

138.     Plaintiff desired to obtain more suitable housing for his family.

139.     However, due to the Accounts on his credit report he was unable to procure the mortgage he needed.

140.     Plaintiff's mortgage issues were specifically due to the fraudulent auto tradelines appearing on his credit reports.

141.     Other than these fraudulent tradelines Plaintiff has an excellent credit history.

142.     These credit reporting issues weighed heavily upon Plaintiff.

143.     He was distraught, stressed, pained, emotionally drained, and unable to handle the situation.

144.    Plaintiff was suffering from severe anxiety that was affecting his overall functioning.

145.    The inability to secure a mortgage on affordable terms severely impacted Plaintiff's mental health.

146.    Plaintiff was forced to see a mental health professional to assist him in coping with Defendants' improper actions.

147.    Plaintiff was seen by a Licensed Clinical Social Worker.

148.    Plaintiff was recommended to attend continuing psychotherapy sessions to reduce his symptoms wrought by Defendants' actions.

149.    Plaintiff was also recommended to see a psychiatrist for evaluation and consideration of psychotropic medications.

150.    Plaintiff is beside himself with fear, anxiety, and stress due to his situation caused by Defendants' actions.

151.    Plaintiff has done all he can and attempted to explain and describe to Defendants that they are misreporting fraudulent accounts as Plaintiff's debt.

152.    Despite Plaintiff's continued pleas and documented disputes, Defendants refused to acknowledge the truth and right the wrongs on his credit reports.

153.    Plaintiff was left with no choice but to institute the instant proceeding.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to each Bureau)

154.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

155.    This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

156.   Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

157.   Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

158.   Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to each respective Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from each Furnisher.

159.   Each Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

160.   Upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2 (b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

161.   Each Bureau has willfully and recklessly failed to comply with the Act.

162.   The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c.   The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d.   The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f.   failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g.   failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

h.   The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i.   The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

163.   As described above, and as a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

164.   The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

165.     Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to each Bureaus)**

166.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

167.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

168.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

169.     Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

170.     Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to each respective Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from each Furnisher.

171.     Each Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

172.     Upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

173.     Each Bureau has negligently failed to comply with the Act.

174.     The failure of each Bureau to comply with the Act include but are not necessarily limited to:

     a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

     b.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

     c.   The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

     d.   The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

     e.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

     f.   failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

     g.   failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

    h.   The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    i.   The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

175.    As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

176.    The conduct, action and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

177.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to each Furnisher)**

178.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

179.    This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

180.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

181.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

182.    The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

183.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

184.    Each Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

185.    Each Furnisher continued to report these accounts on the Plaintiff's credit report after being notified of the dispute regarding the inaccuracies in relation to said account(s).

186.    As described above, and as a result of the conduct, action, and inaction of each Furnisher, Plaintiff suffered damage as described above.

187.    The conduct, action, and inaction of each Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

188.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against each Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to each Furnisher)

189.   Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

190.   This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

191.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

192.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

193.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

194.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

195.   As described above, each Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

196.   After receiving the Dispute notice from each Bureau, each Furnisher negligently failed to conduct its reinvestigation in good faith.

197.   A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

198.   The conduct, action and inaction of each Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

199.   Each Furnisher continued to report these accounts on the Plaintiff's credit report after being notified of the dispute regarding the inaccuracies in relation to said account(s)

200.   As described above, and as a result of the conduct, action, and inaction of each Furnisher, Plaintiff suffered damage as described above.

201.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against each Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

202.   Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 23, 2022

Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*