UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EIRA FOLLMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; ALLY FINANCIAL, INC.; AMERICAN HONDA FINANCE; BMW FINANCIAL SERVICES; HYUNDAI CAPITAL AMERICA, INC. d/b/a KIA FINANCE AMERICA a/k/a KIA MOTORS FINANCE; MERCEDES-BENZ FINANCIAL SERVICES USA LLC; and VOLVO CAR FINANCIAL SERVICES U.S., LLC,<br><br>*Defendants.* | Civil Action No.: 7:22-cv-09999-CS<br><br>Hon. Cathy Seibel, U.S.D.J. |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Eira Follman and Defendants TransUnion, LLC, Ally Financial, Inc., American Honda Finance, Hyundai Capital America, Inc. d/b/a Kia Finance America a/k/a Kia Motors Finance, Mercedes-Benz Financial Services USA LLC, and Volvo Car Financial Services U.S., LLC (each hereinafter referred to individually as a "Party" and collectively as the "Parties") stipulate that the following provisions shall govern the production and handling of documents, electronically-stored information, discovery responses, deposition testimony, exhibits, and all other documents, information, and materials exchanged by the Parties or filed with the Court throughout the proceedings in the above-captioned action.

1. **Definitions**. As used in this Stipulated Protective Order ("Order"),

    a.    "<u>Document</u>" means any document or electronically stored information within the scope of Fed. R. Civ. P. 34(a)(1)(A), and "electronically stored information" means any information stored electronically, regardless of the format thereof or type of device on which such information is accessible or stored;

    b.    "<u>Information</u>" means any information contained in any Document or Matter (as defined below) or disclosed orally;

    c.    "<u>Matter</u>" means any tangible thing;

    d.    "<u>Producing Party</u>" means any Party or non-party who produces, uses or discloses any Document, Matter or Information as part of discovery in this Action;

    e.    "<u>Receiving Party</u>" means any Party who receives any Document, Matter or Information as part of discovery in this Action; and

    f.    "<u>Action</u>" means the above-captioned civil action and includes all appeals of any order, judgment or decree until the final, non-appealable disposition of all issues raised in the above-captioned civil action.

2.    **Scope of Order**. This Order shall apply to all Documents, Matter, and Information disclosed, produced, exchanged, or otherwise disseminated in this Action, including, without limitation, answers to interrogatories, responses to requests for admission, depositions and deposition transcripts. However, nothing in this Order shall limit the Parties' respective rights to oppose discovery of any Document, Matter, and/or Information on grounds other than that it constitutes "Confidential Information" as such term is defined in paragraph 4 below.

3.    **Binding Effect**. Signature of this Order by counsel for a Party shall bind such Party's counsel and personnel, and such Party and its principals, shareholders, members, directors, officers and employees.

4. **Designation of Confidential Information**. The Producing Party may designate such Document, Matter or Information as "Confidential" or "Confidential–Attorney's Eyes Only" (collectively "<u>Confidential Information</u>") only if the Producing Party believes in good faith, at the time of disclosure, that such Confidential Information (i) is used by the Producing Party in or pertains to its business and is not generally known and would not normally be revealed to third parties; (ii) would qualify as "confidential" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable legal standard; (iii) by Plaintiff if it pertains to Plaintiff's private matters, including personal financial and credit information; or (iv) if a Producing Party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential–Attorney's Eyes Only". If the Producing Party discovers that designated material does not qualify as Confidential Information, it must promptly notify each Receiving Party that it will withdraw or change the designation.

5. **Inadvertent Disclosure**. If, through inadvertence, the Producing Party discloses any Document, Matter, or Information that it believes should have been designated "Confidential," but was not, it may subsequently designate it as "Confidential," and it shall thereafter be treated as Confidential Information. If the Receiving Party has disclosed the Confidential Information to any third party prior to the change in designation, the Receiving Party shall notify the Producing Party and shall also make a good faith effort to have such Confidential Information returned to the Producing Party or destroyed.

6. **Designation in Depositions, Hearings, Trial and Transcripts**. Any witness under examination at a deposition, hearing or at trial, and/or his/her/its counsel, shall state whether or

not any Document, Matter, or Information elicited or used in the course of the deposition qualifies as Confidential Information, provided, however, that the witness and/or his or her counsel, shall have thirty (30) days from the availability of the transcript(s) of such trial or hearing within which to designate portions thereof as Confidential Information. If no designation is made during the deposition or testimony, and if there is no designation within thirty (30) days following availability of such transcript, then no part of the transcript (with the exception of exhibits designated as "Confidential") shall be treated as Confidential Information. Failure to make a designation during deposition, hearing or testimony, does not waive the right to make such designation subsequently within 30 days as indicated above.

7. **Disclosure of Confidential Information**. Confidential Information may be disclosed only to:

   a. Attorneys of record who are outside counsel for the Parties;

   b. Corporate counsel for the Parties; and officers of each of the Parties who have a need to know the Confidential Information for purposes of prosecuting or defending any claim or assisting in the making of any decision relating to this Action;

   c. Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging and database services retained by counsel for the Parties to assist with trial preparation or presentation, or other court proceedings in this Action provided that each such personnel, and each such services company has signed an undertaking in the form of Exhibit A attached to this Order before receiving Confidential Information. Each services company shall be responsible for ensuring that its employees and staff comply in full with the provisions of this Order;

    d.    The United States District Court for the Southern District of New York, including all of its legal and clerical personnel, or any judicial body before which this Action is subsequently pending;

    e.    Independent experts or consultants who are not directly or indirectly associated with a Party and are engaged by outside counsel for the Parties to assist in this Action, together with the employees, staff, or other personnel working under the supervision of such independent experts or consultants, provided that each such independent expert or consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving Confidential Information. Independent experts and consultants shall be responsible for ensuring that their employees, staff, or other personnel working under their supervision comply in full with the provisions of this Order;

    f.    Outside stenographic court reporters; and

    g.    Any deponent or other witness who authored, or previously received or saw, the Confidential Information or who is otherwise familiar with the Confidential Information.

8.    **Disclosure of Confidential Information designated as** "Confidential–Attorney's Eyes Only". Confidential Information designated as "Confidential–Attorney's Eyes Only" may be disclosed only to those listed in Section 7 (a), (c)-(e) above and to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.    **Limitations on Use of Confidential Information**. The Receiving Party and any other person authorized to receive Confidential Information as provided in paragraphs 7-8 above shall

use same solely for purposes of the prosecution, defense, or making decisions regarding settlement of claims in this Action, and in a manner consistent with this Order.

10. **Designation by a Non-Party**. Any non-party, whether a person or entity, wishing to come within the provisions of this Order when producing or disclosing any Document, Matter, or Information, shall (a) sign a statement in the form attached as Exhibit A confirming that the non-party has read the Order and agrees to comply with its terms, and (b) properly mark the Documents, Matter, or Information that it considers to be or to contain Confidential Information at the time such Document, Matter, or Information is produced, except that in the case of oral testimony at a deposition, hearing or trial, Confidential Information shall be designated as provided in paragraph 6 above.

11. **Exclusion from Restrictions**.

    a. The restrictions set forth in this Order shall not apply to information that: (a) is known to the Receiving Party prior to the date of disclosure, or (b) becomes known to the public following disclosure in this Action, provided that such information was not inadvertently disclosed and subsequently designated as Confidential Information as provided in paragraph 5 above, or does not become publicly known by any act or omission of the Receiving Party in breach of this Order.

    b. Nothing in this Order shall preclude a Party or its counsel, or any other person, from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party, even though the same information may have been produced in discovery in this Action and designated as Confidential Information.

  c. Nothing in this Order shall preclude any Party or its counsel from (a) showing any Confidential Information to an individual who prepared such Confidential Information; or (b) disclosing or using, in any manner or for any purpose, any information from the Party's own files which the Party itself has designated as Confidential Information.

  12. **Filing Under Seal**. The Parties anticipate that some pleadings, motions, deposition transcripts or other papers in this Action will contain Confidential Information, and that some of these papers will need to be filed under seal because no procedure other than filing under seal will be sufficient to preserve the confidential nature of the Confidential Information. Accordingly, the Parties agree to the following procedures.

*Efforts to Minimize Requests for Sealing.* The Parties agree that they shall make best efforts to limit sealing requests.

*Requests for Sealing.* The Parties must follow the Court's Individual Practices for filing under seal.

  13. **Objection to Designation**. A Party may object at any time to the designation of any Confidential Information by giving written notice ("Notice of Objection") to counsel for the Producing Party by email, copying all other counsel of record for the Parties. The Notice of Objection shall identify the Confidential Information to which the objection is made and a response to the Notice of Objection (a "Response") shall be given by the Producing Party to the objecting Party, by email, within fourteen (14) days following receipt of the Notice of Objection. If the Parties cannot resolve the objection within seven (7) days following the date of Response, the Producing Party shall seek to schedule a telephone conference for the Parties to resolve the objection before the Magistrate Judge. Such conference shall be scheduled to take place within

fourteen (14) days following the date of the Notice of Objection or as soon thereafter as the Magistrate Judge can hear the matter. If a telephone conference is scheduled, the disputed Confidential Information shall be treated as Confidential Information until the Parties resolve their dispute or the Court rules on a motion. If the Producing Party fails to schedule a telephone conference as aforesaid, the disputed Confidential Information shall lose its designation as Confidential Information and shall thereafter not be treated as such. In connection with any dispute pursuant to this paragraph 12, the Producing Party shall bear the burden of establishing that good cause exists for the disputed Document, Matter, or Information to be treated as Confidential Information.

14. **Use of Confidential Information in Court Proceedings**. The Parties shall confer and attempt to agree, before any trial or other hearing, on the procedures and conditions under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, either Party may ask the Court to issue an order governing the use of such Confidential Information at trial or hearing, upon reasonable notice to all disclosing parties who have produced such information.

15. **Survival**. The non-disclosure obligations of this Order shall survive the final, non-appealable disposition of this Action.

16. **Obligations on Termination of Action**. Within thirty (30) days of the conclusion of this Action by final, non-appealable disposition, each Party shall assemble all Confidential Information received by it and (a) at the Producing Party's option, return the Confidential Information at the Producing Party's expense or destroy all Confidential Information that is in non-electronic form, and (b) destroy all Confidential Information that is in electronic form, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product

containing Confidential Information, provided that such counsel and its personnel shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to this Action except pursuant to court order or written authorization by the Producing Party. Notwithstanding any of the foregoing, the Parties, their counsel, and experts for the Parties shall not be required to return or destroy any Confidential Information to the extent such Confidential Information is (a) stored on media that is not reasonably accessible, such as disaster recovery backup tapes or discs, or (b) only retrievable through the use of specialized tools or techniques typically used by forensic experts.

17. **Disclosure Pursuant to Legal Process**. If a Receiving Party in possession, custody, or control of Confidential Information is served with a subpoena, demand, or any other legal process seeking discovery of same by a non-party (a "Demand"), the Receiving Party shall give written notice to the Producing Party by email within 3 business days of its receipt of such Demand if the provision of notice is not forbidden by law or legal authorities. The Producing Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking such Confidential Information and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

18. **Relief from this Order**.

    a. Nothing in this Order shall prevent the Parties from applying to the Court for relief from this Order, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to waive this Order in part or whole as to particular designated information.

    b. This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

19. **Jurisdiction**. This Court shall retain jurisdiction over any action or proceeding arising out of or related to this Order.  Each Producing Party and each Receiving Party or non-party receiving Confidential Information agrees that he/she/it is subject to the jurisdiction of and bound by this Court for all of the foregoing purposes.

SO STIPULATED AND AGREED:

Dated: May 15, 2023

| | |
|---|---|
| **STEIN SAKS, PLLC** | **HARDIN, KUNDLA, McKEON, POLETTA, PA** |
| By: s/ Eliyahu Babad, Esq. | By: s/ Mark S. Kundla, Esq. |
| One University Plaza, Suite 620<br>Hackensack, NJ 07601<br>Tel.: (201) 282-6500 x121<br>*Attorneys for Plaintiff*<br>*Eira Follman* | 110 William Street, 25th Floor<br>New York, NY 10038<br>Tel.: (212) 571-0111<br>*Attorneys for Defendant*<br>*Volvo Car Financial Service US, LLC* |
| **SCHUCKIT & ASSOCIATES, P.C.** | **TROUTMAN PEPPER HAMILTON SANDERS** |
| By: s/ William M. Muse, Esq. | By: s/ Joseph M. DiFazio, Esq. |
| 4545 Northwestern Drive<br>Zionsville, IN 46077<br>Tel.: (317) 363-2400<br>*Attorneys for Defendant*<br>*TransUnion, LLC* | 875 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 704-6341<br>*Attorneys for Defendant*<br>*Ally Financial, Inc.* |
| **HOLLAND & KNIGHT LLP** | **GREENBAUM, ROWE, SMITH & DAVIS LLP** |
| By: s/ Jonathan M. Marmo, Esq. | By: s/ Clifford B. Kornbrek, Esq. |
| 2929 Arch Street<br>Philadelphia, PA 19104<br>Tel.: (215) 252-9568<br>*Attorneys for Defendant*<br>*Hyundai Capital America, Inc. d/b/a Kia Finance America a/k/a Kia Motors Finance* | 75 Livingston Avenue, Suite 301<br>Roseland, NJ 07068<br>Tel.: (973) 577-1820<br>*Attorneys for Defendant*<br>*American Honda Finance* |

**McLAUGHLIN & STERN, LLP**

By: s/ Chester R. Ostrowski, Esq.

260 Madison Avenue
New York, NY 10016
Tel.: (212) 455-0454
*Attorneys for Defendant*
*Mercedes-Benz Financial Services USA LLC*

        **SO ORDERED:**

*[signature]*    5/16/23

**HON. CATHY SEIBEL, U.S.D.J.**

**Exhibit A**

**Acknowledgement and Agreement to be Bound By Stipulated Protective Order**

I, _____, of _____, declare under penalty of perjury that:

1. I have read and understood in its entirety the Stipulated Protective Order (the "Order") that was entered by the Hon. Cathy Seibel, of the United States District Court for the Southern District of New York, on April \_\_\_\_, 2023, in *Eira Follman v. Equifax Information Services, LLC, et. al.*, Case No. 7:22-cv-09999-CS (the "Action");

2. I shall comply with and be bound by all the terms of the Order;

3. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt;

4. I represent and warrant that I will not disclose any Documents, Matter, or Information that has been designated as Confidential Information (as such terms are defined in the Order) to any person or entity except in strict compliance with the Order;

5. I hereby submit to the personal jurisdiction of the United States District Court for the Southern District of New York, even if proceedings to enforce the terms of the Order occur after final judgment or other termination of the Action, and hereby waive any claims I may now or hereafter have with respect to such jurisdiction.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____